IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander B. Wilson, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Alan Wilson; Bryan Sterling; Stoney Drake; and Warden at Kirkland, <br><br> Defendant. | C/A No. 5:22-cv-1588-JFA-KDW <br><br><br> **ORDER** |

Plaintiff, Alexander B. Wilson, Jr, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action[1] issued an order informing the plaintiff that his complaint contained several deficiencies as drafted and providing him with time to file an amended complaint to correct those deficiencies. (ECF No. 9).

After failing to receive a proper response[2], the Magistrate Judge prepared a thorough

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] Plaintiff submitted a letter to the court on July 11, 2022; however, his response did not cure the deficiencies in his initial Complaint.

Report and Recommendation ("Report"). (ECF No. 17). Within the Report, the Magistrate Judge opines that this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 21, 2022. *Id*. The Magistrate Judge required Plaintiff to file objections by August 4, 2021. *Id*. Plaintiff failed to file objections or otherwise address the deficiencies in his complaint. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Plaintiff has failed to respond and therefore his action is subject to dismissal for lack of prosecution.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 17). Therefore, this action is dismissed with prejudice.

IT IS SO ORDERED.

August 17, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge